IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ZACHARY DAVIS                                                                                    PLAINTIFF

v.                                      Civil No. 4:19-cv-04015

DEPUTY GARY DORMAN, Hempstead County
Sheriff; JUSTIN HUGHES, Jail Administrator,
Nevada County Detention Facility; OFFICER
DREW RATHER, Jailer Nevada County
Detention Facility; NEVADA COUNTY
DETENTION FACILITY; and NEVADA
COUNTY, ARKNASAS                                                                          DEFENDANTS

## **ORDER**

Plaintiff Zachary Davis filed this 42 U.S.C. § 1983 action *pro se* in the United States District Court for the Eastern District of Arkansas on December 28, 2018. (ECF No. 1). On February 4, 2019, the case was transferred to the United States District Court for the Western District of Arkansas, Texarkana Division. (ECF No. 3). Before the Court is Plaintiff's failure to obey a Court order.

Plaintiff failed to submit an *in forma pauperis* ("IFP") application with his Complaint. Additionally, a review of Plaintiff's Complaint revealed that he failed to use the court-approved form for this district and that Plaintiff signed the Complaint with another individual. As a result, on February 11, 2019, the Court entered an order directing Plaintiff to complete an IFP application and to return the application to the Court for review and filing or pay the $350 filing fee and $50 administrative fee by March 4, 2019. The Court also ordered Plaintiff to file an Amended Complaint by the same date. (ECF No. 6). Plaintiff was advised in this order that failure to submit the completed IFP application and Amended Complaint by the Court's imposed deadline would subject his case to dismissal. To date, the order has not been returned to the Court as undeliverable

and Plaintiff has not submitted the completed IFP application, paid the filing fee, or filed an Amended Complaint.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Moreover, the Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to obey a Court order. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 22nd day of April 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge